FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 0 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

QWALLIQUE MACK

Defendant.

---

10-CR-301

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On August 19, 2010, Qwallique Mack pled guilty to a lesser-included count of a single-count indictment, which charged that between February 2009 and March 2010 he conspired with others to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C).

Mack was sentenced on March 16, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 15 and defendant's criminal history category to be category III, yielding a guidelines range of imprisonment of between 24 and 30 months. The calculation of the total offense level included a three-point deduction for early acceptance of responsibility. The offense carried a maximum term of imprisonment of 20 years. The guidelines range of fine was from $4,000 to $1,000,000.

Mack was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The instant conspiracy involved a

2

small organization of crack cocaine dealers operating in the Red Hook section of Brooklyn. Though a serious offense, Mack was a street-level dealer with no managerial authority. He and two coconspirators sold small quantities of crack cocaine to an undercover officer in a series of transactions between February 2009 and March 2010. In all, they sold the officer approximately five grams of crack for a total price of $640.

Defendant has maintained employment as a bathroom attendant at the spa, Exhale Enterprises since July, 2010. He earns $8 per hour and contributes $200 per month in child support. Mack has three sons with his female companion and a daughter with another woman. At present, he lives with his sister, but he plans to return to the home of the mother of his three sons. He expressed a strong desire to continue providing financial support for his family and to be involved in his children's lives. All of defendant's prior convictions were for drug possession and were related to his admitted drug dependency. Defendant tested posted for marijuana on one occasion while awaiting sentence, but he tested negative on numerous occasions. He will participate in drug treatment while on supervised release.

A sentence of time served with three years' supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug distribution will result in substantial penalties. Specific deterrence is achieved through the time Mack already served in jail. Additional incarceration is not appropriate in this case as defendant is employed and is contributing to

3

society and his family. It is unlikely that he will engage in further criminal activity in light of his employment and financial obligations to his four children.

Jack B. Weinstein
Senior United States District Judge

Dated: March 18, 2011
      Brooklyn, New York

4